Filed 6/12/23  P. v. Puno CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B320150 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA152579) |
| v. | |
| IVONNE ORTIZ PUNO, | |
| Defendant and Appellant. | |

APPEAL from a restitution order of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Defendant Ivonne Ortiz Puno appeals from a restitution order following her nolo contendere plea to grand theft. Her counsel filed a brief identifying no issues and requesting this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442 (*Wende*). We independently review the record, find no arguable issue, and affirm the restitution order.

## BACKGROUND

From April 2014 to November 2016, defendant worked as a paralegal/office manager in the law office of attorney Lee Durst, the Justice Law Center.

### 1. *Information*

The People charged defendant with four counts of grand theft. The People alleged that defendant fraudulently appropriated insurance settlement proceeds from Francisco Magana, Edith Ramirez, Kanisha Benton, and Carmen Ortiz. Durst was not charged in the information contained in the record on appeal, but the trial court referred to him as a defendant.

Defendant pleaded nolo contendere to one count of grand theft. The court suspended imposition of sentence and placed defendant on formal probation for two years. The court also required defendant to make restitution to the victims. The court dismissed the remaining counts in accordance with the parties' plea agreement.

### 2. *Restitution hearing*

At the hearing at which Puno and Durst were represented by separate counsel, it was undisputed that Ortiz, Magana, and Ramirez hired Durst and defendant to assist them with

2

insurance claims. Ortiz had hired Durst in connection with water damage to her house. Magana hired Durst after Magana incurred damages in an automobile accident. Ramirez hired Durst to pursue claims under her homeowner's insurance for damage to her home. Ortiz testified that the $15,480 was owed based on amounts defendant never paid Ortiz's contractor and on rent Ortiz paid and defendant failed to reimburse. Magana testified that Mercury Insurance paid $3,502.38 and $7,300 on his insurance claim but Magana never received the money. He also testified that his out-of-pocket costs to repair his vehicle totaled $1,100. Ramirez testified that a judgment in the amount of $45,000 was entered against her for unpaid rent, and she paid another landlord rent for four months, which the parties stipulated was $2,400 a month. Ramirez hired different counsel to assist in obtaining the money Durst and defendant had misappropriated. In a brief filed for purposes of the restitution hearing, the latter counsel indicated that his attorney fees totaled $20,323.63. Benton did not testify at the hearing.

After the hearing, the court ordered defendant (and Lee Durst as jointly and severally liable) to pay Carmen Ortiz $15,480 and Francisco Magana $11,902.38 in restitution. The court also ordered defendant (and Lee Durst) to pay Edith Ramirez (also known as Edith Hernandez) $9,600 for rent of an apartment, $45,000 for a judgment that was entered against her for rent of another apartment, and attorney fees in the amount of $20,323.63. (Pen. Code, § 1202.4, subd. (f)(3)(H) [restitution includes ["[a]ctual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim."].) The court ordered 10 percent interest from the date of sentencing. (*Id.*, subd. (f)(3)(G) [restitution includes "[i]nterest, at the rate of

3

10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court."].)

### 3. *Appeal*

On appeal, defendant's counsel filed a brief identifying no issues and requesting this court independently review the record.

This court sent defendant the following notice: "Counsel appointed to represent appellant on appeal has filed an appellant's opening brief that raises no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 442.) [¶] Appointed counsel is directed to send the record of this appeal and a copy of appellant's opening brief to appellant immediately. Within 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." Defendant did not file a supplemental brief.

### DISCUSSION

We have independently reviewed the record and find no arguable issue on appeal. Appointed counsel has fully complied with counsel's responsibilities and no arguable issue exists. (See *People v. Kelly* (2006) 40 Cal.4th 106, 126; see also *Wende, supra,* 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The restitution order is affirmed.

NOT TO BE PUBLISHED.


                              BENDIX, J.


We concur:



        ROTHSCHILD, P. J.



        WEINGART, J.